**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERTO RIVERA,                    :

                    Civil Action No. 04-1467 (JLL)

        Petitioner,    :

        v.              :    **OPINION**

LYDELL B. SHERRER, et al.,         :

        Respondents.   :


**APPEARANCES:**

Petitioner pro se
Roberto Rivera
296351
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

Counsel for Respondents
Peter C. Harvey, Attorney General of New Jersey
Daniel I. Bornstein, Deputy Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, NJ 08625

**LINARES**, District Judge

    This matter is before the Court on Petitioner Roberto
Rivera's Petition for habeas corpus relief under 28 U.S.C.
§ 2254.  For reasons discussed below, the Petition for habeas
corpus relief must be dismissed with prejudice.

I.   <u>BACKGROUND</u>

On November 21, 1997, in the Superior Court of New Jersey, Law Division, Passaic County, Petitioner was convicted pursuant to a jury verdict of first-degree armed robbery, third-degree terroristic threats, second-degree possession of a handgun for an unlawful purpose, and third-degree unlawful possession of a handgun.  Petitioner was sentenced to an aggregate term of 30 years imprisonment with 15 years of parole ineligibility.

Petitioner filed a timely appeal with the Superior Court of New Jersey, Appellate Division.  He raised the following claims on appeal:

> POINT I        IT WAS IMPROPER FOR THE COURT TO INSTRUCT THE JURY THAT IT WAS NOT POSSIBLE TO GET A READBACK AND TO ALLOW THE JURY TO CONTINUE DELIBERATIONS.
>
> POINT II       TESTIMONY ELICITED BY THE PROSECUTOR CONCERNING DEFENDANT'S ARREST IN PUERTO RICO ON A BENCH WARRANT WAS UNDULY PREJUDICIAL AND VIOLATIVE OF DEFENDANT'S CONSTITUTIONAL RIGHTS
>
> POINT III      THE COURT ERRED IN PERMITTING A WITNESS TO OFFER EXPERT OPINIONS ON IRRELEVANT AND CONFUSING MATERIAL
>
> POINT IV       THE COURT'S SENTENCE WAS EXCESSIVE AND DEFENDANT SHOULD NOT HAVE BEEN SENTENCED TO AN EXTENDED TERM.
>
> POINT V        THE PROSECUTOR'S IMPROPER COMMENTS ON SUMMATION MISLED THE JURY AND DEPRIVED DEFENDANT OF A FAIR TRIAL.
>
> POINT VI       THE IN-COURT REFERENCE TO THE DEFENDANT'S MUG SHOT WAS UNDULY PREJUDICIAL AND WARRANTS REVERSAL AND A NEW TRIAL.

2

(Answer, Exhibit Re1, hereafter Petitioner's "Appellate Division Brief".)  On October 8, 1999, the Appellate Division affirmed Petitioner's convictions and sentence in a summary opinion. Thereafter, Petitioner filed a notice of petition for certification with the Supreme Court of New Jersey.  However, Petitioner never filed a petition for certification. Accordingly, on February 14, 2000, the Supreme Court of New Jersey dismissed Petitioner's notice of petition for certification for lack of prosecution.  (Answer, Ex. Re6.) Petitioner did not file a petition for certiorari with the Supreme Court of the United States.

Petitioner then filed a petition for post-conviction relief in the Superior Court of New Jersey, Law Division, Passaic County.  He raised the following claims:

> POINT I       THE PETITION FOR POST-CONVICTION RELIEF,
>               BROUGHT PURSUANT TO NEW JERSEY COURT RULES
>               3:22-1; 3:22-2(A) & (d) AND ARTICLE I, PARA.
>               14 OF THE NEW JERSEY CONSTITUTION, IS
>               COGNIZABLE AND CANNOT BE BARRED BY NEW JERSEY
>               COURT RULES 3:22-4; 3:22-5 OR 3:22-12.
>
> POINT II      THE PETITIONER WAS DEPRIVED OF THE EFFECTIVE
>               ASSISTANCE OF TRIAL COUNSEL, A DEPRIVATION OF
>               THE SIXTH AND FOURTEENTH AMENDMENTS TO THE
>               UNITED STATES CONSTITUTION.

(Answer at 4.)  A preliminary evidentiary hearing was held, at which time trial counsel was called to testify.  (Respondents' Supplemental Answer, Ex. 7T.)  Following that hearing, the trial court determined that Petitioner had failed to make a prima facie

3

showing of his entitlement to relief and declined to conduct any further evidentiary hearing.  The trial court denied relief on June 27, 2001.  (Resp. Supp. Answer, Ex. 8T.)  The Appellate Division affirmed the denial of relief in an opinion dated March 4, 2003, and the New Jersey Supreme Court denied the petition for certification on September 8, 2003.  (Answer at 4-5; Supp. Ans. Ex.)

On March 22, 2004, this Court received this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts the following grounds for relief:

> Ground One    It was improper for the court to instruct the jury that it was not possible to get a read back and to allow the jury to continue deliberations.

> Ground Two    Testimony elicited by the prosecutor concerning defendant's arrest in Puerto Rico on a bench warrant was unduly prejudicial and violative of the defendant's Constitutional rights.

> Ground Three  The court erred in permitting a witness to offer expert opinions on irrelevant and confusing material.

(Petition, ¶ 12.)  In support of these claims, Petitioner relies exclusively upon his state-court Appellate Division Brief.

Respondents have answered, asserting that Petitioner does not assert cognizable federal claims, that these claims are unexhausted, and that they are procedurally defaulted.

4

II.  <u>ANALYSIS</u>

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Thus,

> 'federal habeas corpus relief does not lie for errors of state law.' ... [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

<u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Here, Respondents contend that Petitioner has failed to allege as grounds for relief any violation of the Constitution, laws, or treaties of the United States but has, instead, alleged only violations of state law not cognizable in a § 2254 proceeding.

In the context of evaluating whether a petitioner has properly exhausted a federal claim in the state courts before pursuing § 2254 relief, by "fairly presenting" the federal claim to the state courts, the Supreme Court has held:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the

Fourteenth Amendment, he must say so, not only in
federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  Nevertheless, "the
absence of explicit reference to federal law does not resolve the
issue of whether a federal claim was fairly presented."
McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).  The
Court of Appeals has noted some of the ways in which petitioners
may communicate that they are asserting a federal claim without
explicitly referencing specific portions of the federal
constitution or statutes.  Specifically, the claim may be
conveyed through "'(a) reliance on pertinent federal cases
employing constitutional analysis, (b) reliance on state cases
employing constitutional analysis in like fact situations,
(c) assertion of the claim in terms so particular as to call to
mind a specific right protected by the Constitution, and
(d) allegation of a pattern of facts that is well within the
mainstream of constitutional litigation.'"  McCandless, 172 F.3d
at 261-62 (citations omitted).

Certainly, in neither the statement of his grounds for
relief in this Petition nor in the Appellate Division Brief on
which Petitioner relies does he explicitly identify any violation
of the Constitution, laws, or treaties of the United States.  In
the Appellate Division Brief, Petitioner cites only New Jersey
cases decided on the basis of New Jersey law, none of which
employ a constitutional analysis.  Even though Petitioner makes a

6

passing reference to "Constitutional rights" in Ground Two, in challenging the propriety of admitting testimony that he had been arrested in Puerto Rico on a bench warrant, Petitioner does not explain whether he is referring to the New Jersey Constitution or the United States Constitution and does not identify the constitutional right allegedly violated.  In the eight pages of the Appellate Division Brief devoted to that issue, again, Petitioner relies exclusively upon New Jersey cases decided on the basis of New Jersey law.  With respect to the third ground asserted here, challenging the admission of expert opinions, Petitioner does characterize the testimony as "unfairly prejudicial."  (App. Div. Brief at 36, 37.)  This reference to "unfairly prejudicial" testimony, however, is not so particular as to call to mind a specific right protected by the U.S. Constitution.  Cf. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001) (passing reference to concept of "fair trial" is not sufficient to give fair notice of a federal due process claim). In addition to the absence of any suggestion of a federal claim in the Petition and Appellate Division Brief, the Court notes that Petitioner failed to respond to the Respondents' Answer by clarifying the federal nature of the claims asserted here.

The Supreme Court has held, "We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law

7

would come here as a federal constitutional question." <u>Gryger v.</u>
<u>Burke</u>, 334 U.S. 728, 731 (1948).  The errors alleged here are
errors of state law only.  Accordingly, they do not allege
grounds for relief under § 2254.

Even if this Court were to construe these allegations of
error as constitutional claims, they are unexhausted.  A state
prisoner applying for a writ of habeas corpus in federal court
must first "exhaust[] the remedies available in the courts of the
State," unless "there is an absence of available State corrective
process[] or ... circumstances exist that render such process
ineffective ... ."  28 U.S.C. § 2254(b)(1).  <u>See also</u> <u>Rose v.</u>
<u>Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d
506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent
and the AEDPA mandate that prior to determining the merits of [a]
petition, [a court] must consider whether [petitioner] is
required to present [his or her] unexhausted claims to the
[state's] courts"), <u>cert. denied</u>, 532 U.S. 919 (2001).

A petitioner must exhaust state remedies by presenting his
federal constitutional claims to each level of the state courts
empowered to hear those claims, either on direct appeal or in
collateral post-conviction proceedings.  <u>See</u>, <u>e.g.</u>, <u>O'Sullivan v.</u>
<u>Boerckel</u>, 526 U.S. 838, 847 (1999) ("requiring state prisoners
[in order to fully exhaust their claims] to file petitions for
discretionary review when that review is part of the ordinary

appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

Here, Petitioner abandoned his petition for certification before the Supreme Court of New Jersey.  In his state-court petition for post-conviction relief, he failed to assert the claims presented here.  Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.  In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused."  Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).

Even where exhaustion is excused, the doctrine of procedural default may come into play.

> A procedural default occurs when a prisoner's federal
> claim is barred from consideration in the state courts
> by an "independent and adequate" state procedural rule.
> See, e.g., Doctor[ v. Walters, 96 F.3d 675, 683 (3d
> Cir. 1996)].  Federal courts may not consider the
> merits of a procedurally defaulted claim unless the
> applicant establishes "cause" to excuse the default and
> actual "prejudice" as a result of the alleged violation
> of the federal law or unless the applicant demonstrates
> that failure to consider the claim will result in a
> fundamental "miscarriage of justice."  Coleman v.
> Thompson, 501 U.S. 722, 750 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002). To

establish cause, a petitioner must demonstrate some objective

factor external to the defense that prevented compliance with the

state's procedural requirements.  Coleman, 501 U.S. at 753.  To

establish a fundamental miscarriage of justice, a petitioner must

demonstrate that he is actually innocent of the crime, McCleskey

v. Zant, 499 U.S. 467, 494 (1991), typically by presenting new

evidence of innocence, Schlup v. Delo, 513 U.S. 298, 316 (1995).

Here, it appears that Petitioner's claims would be

procedurally barred in the state courts of New Jersey.  Pursuant

to N.J. Ct. R. 3:22-12, no petition for post-conviction relief

may be filed more than five years after rendition of the judgment

sought to be attacked, unless it alleges facts showing that the

delay was due to defendant's excusable neglect.  Further, New

Jersey Court Rule 3:22-4 bars any grounds not raised in prior

proceedings, unless the ground could not reasonably have been

raised in any prior proceeding, or enforcement of the bar would

result in fundamental injustice or denial of relief would be

contrary to the Constitution of the United States or the State of New Jersey.  Petitioner has not alleged, in response to Respondents' argument that these claims are procedurally barred, any facts or arguments suggesting that these would not be procedurally barred.  As Petitioner failed to raise the instant claims in his petition for post-conviction relief or otherwise, thereby rendering the claims procedurally barred irrespective of whether these are construed as federal claims, and as Petitioner has failed to allege any cause for his procedural default in state court or any fundamental miscarriage of justice that would result from failure to consider his claims, this Court cannot grant relief.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v.

Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition fails to state a valid claim for the denial of a federal constitutional or statutory right or that any federal claim is unexhausted and procedurally defaulted.


IV.  CONCLUSION

For the foregoing reasons, this Court finds that the Petition fails to state a federal claim cognizable under § 2254 and, in the alternative, to the extent the Petition could be construed to assert a federal claim, any such federal claim is unexhausted and procedurally barred.  The Petition will be dismissed with prejudice.  No certificate of appealability will issue.

/s/ Jose L. Linares
United States District Judge

DATED: July 22, 2005

12